```
            UNITED STATES DISTRICT COURT
                DISTRICT OF MINNESOTA
            Criminal No. 10-255(2)(DSD/FLN)
```

United States of America,

       Plaintiff,

v.                                                    **ORDER**

Jason Elliott Clark,

       Defendant.


This matter is before the court upon the renewed motion for judgment of acquittal and motion to vacate identity-theft conviction by defendant Jason Elliot Clark. Based upon a review of the file, record and proceedings herein, and for the following reasons, the court denies the renewed motion for judgment of acquittal and grants the motion to vacate.

**BACKGROUND**

A grand jury indicted Clark for bank fraud conspiracy, two counts of bank fraud, identity theft (Count 12) and aggravated identity theft (Count 15). The bank fraud counts involved unlawful withdrawal of $10,250 from the account of victim D.R.O and unlawful deposit of a $145,620 counterfeit check drawn on Sovereign Bank. The case proceeded to jury trial. During trial, Clark moved for judgment of acquittal after the government rested, and renewed the motion at the close of evidence. The court denied the motion and the renewed motion. See ECF No. 88.

On February 18, 2011, a jury convicted Clark of all counts. After the court accepted the verdict, Clark again renewed his motion for judgment of acquittal. The court denied the motion. Clark also moved to vacate Count 12, arguing that his conviction for identity theft and aggravated identity theft violates the Double Jeopardy Clause. The court directed the parties to submit memoranda addressing the Double Jeopardy issue. In his memorandum, Clark again renewed his motion for judgment of acquittal. The court now considers the renewed motion for judgment of acquittal and motion to vacate Count 12.

## DISCUSSION

### I. Motion for Judgment of Acquittal: Counts 12 and 15

A defendant may move for judgment of acquittal "[a]fter the government closes its evidence or after the close of all the evidence." Fed. R. Crim. P. 29(a). A defendant may also "move for a judgment of acquittal, or renew such a motion, within 14 days after a guilty verdict or after the court discharges the jury, whichever is later." Id. R. 29(c). When considering a motion for judgment of acquittal based on sufficiency of the evidence, the court views the evidence "in the light most favorable to the verdict, giving it the benefit of all reasonable inferences." United States v. Cacioppo, 460 F.3d 1012, 1021 (8th Cir. 2006) (citation and internal quotation marks omitted). The court will

grant the motion "only if there is no interpretation of the evidence that would allow a reasonable jury to find the defendant guilty beyond a reasonable doubt."  Id.

The government argues that Clark is not entitled to renew his Rule 29(c) motion a third time because he renewed the motion after the verdict, and Rule 29(c) does not contemplate multiple renewed post-verdict motions.  The court need not resolve that question because the present motion merely restates the argument made during and following trial: the government presented insufficient evidence to prove Clark's knowing use or transfer of a means of identification of another person.

In this case, the court instructed the jury that the government had to prove beyond a reasonable doubt that "defendant knew that the means of identification was of another person."  See Jury Instruction 30, 36, ECF No. 90, at 49, 55.  The government presented ample evidence from which the jury could determine that Clark knew that the identifying information used to transfer money from D.R.O.'s account into Clark's account belonged to another person.  Moreover, the government introduced evidence of Clark's prior conviction for identity theft, which further supports the jury's finding of knowledge.  Therefore, the court again denies the motion.

**II. Motion to Vacate: Count 12**

The Double Jeopardy Clause of the Fifth Amendment bars successive prosecution and cumulative punishment. Dodge v. Robinson, 625 F.3d 1014, 1017 (8th Cir. 2010). In the present case, Clark argues that his convictions for identity theft and aggravated identity theft constitute cumulative punishment. "With respect to cumulative sentences imposed in a single trial, the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended." Id. (quoting Missouri v. Hunter, 459 U.S. 359, 366 (1983)). When two statutes proscribe the same offense, the court assumes that "Congress ordinarily does not intend to punish the same offense under two different statutes," and construes the statutes "not to authorize cumulative punishments in the absence of a clear indication of contrary legislative intent." Hunter, 459 U.S. at 366 (citation and internal quotation marks omitted).

**A. Identity Theft and Aggravated Identity Theft**

Clark argues that sections 1028(a)(7) and 1028A of Title 18 of the United States Code proscribe the same offense. Relevant to this case, Congress defined the elements of identity theft as:

> Whoever ... knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person with the intent to commit, or to aid or abet, or in connection with, any unlawful activity that constitutes a violation of Federal law, or that constitutes a felony under any applicable

4

>State or local law.... shall be punished as
>provided in subsection (b) of this section.[1]

18 U.S.C. § 1028(a)(7). Congress used similar language to define aggravated identity theft:

>Whoever, during and in relation to any felony violation enumerated in subsection (c), knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person shall, in addition to the punishment provided for such felony, be sentenced to a term of imprisonment of 2 years.

Id. § 1028A(a)(1).

Both statutes require an underlying offense as an essential element. The underlying offense for § 1028(a)(7) may be an attempted or actual violation of any federal law or a state-law felony. The underlying offenses for § 1028A are eleven enumerated classes of federal offenses. Id. § 1028A(c)(1)–(11). As a result, § 1028(a)(7) encompasses a broader range of underlying crimes, and the underlying offenses for § 1028A are a subset of acts that satisfy § 1028(a)(7). Simply, every violation of § 1028A is also a violation of § 1028(a)(7). In the present case, bank fraud is the underlying offense for both statutes. See id. § 1028A(c)(5)

---

[1] The "transfer, possession, or use" must also meet the jurisdictional requirement of being "in or affect[ing] interstate or foreign commerce, including the transfer of a document by electronic means." 18 U.S.C. § 1028(c)(3)(A).

(bank fraud).  Therefore, § 1028(a)(7) and § 1028A proscribe the same offense, and the court must determine whether Congress intended to authorize cumulative punishments.

### B. Congressional Intent

To determine whether Congress gave "a clear indication" of an intent to allow cumulative punishment, the court first considers the language of the statutes.  Dodge, 625 F.3d at 1018 (quoting Abernaz v. United States, 450 U.S. 333, 344 (1981)); see United States v. Chipps, 410 F.3d 438, 448 (8th Cir. 2005).  If the statutory language or legislative history fails to demonstrate the unambiguous intent of Congress, the court applies the rule of statutory construction announced in Blockburger v. United States, and examines whether each statute "requires proof of a fact which the other does not."  284 U.S. 299, 304 (1932); see Garrett v. United States, 471 U.S. 773, 778-79 (1985).

#### 1. Statutory Language

The government argues that the plain language of § 1028A(b)(2) shows intent to allow punishment for both identity theft and aggravated identity theft.  Each of the paragraphs of subsection (b) concerns the nature of the sentence in relation to the underlying offense.  "Notwithstanding any other provision of law," subsection (b) prohibits the court from imposing: (1) probationary sentences, (2) concurrent sentences except for multiple violations

6

of § 1028A, and (3) reduced sentences for the underlying, enumerated felony to compensate for the consecutive punishment. 18 U.S.C. § 1028A(b)(1)-(4).

Subsection (b)(2) provides:

> [N]o term of imprisonment imposed on a person under this section shall run concurrently with any other term of imprisonment imposed on the person under any other provision of law, including any term of imprisonment imposed for the felony during which the means of identification was transferred, possessed, or used.

Id. § 1028A(b)(2).

The government first argues that the phrase "under any other provision of law" shows the intent of Congress to impose multiple punishments for identity theft and aggravated identity theft. Read in the context of subsection (b) as a whole, however, subsection (b)(2) simply mandates that the court impose sentence consecutive to the underlying offense and any other counts for which a defendant is being sentenced. Indicating that violation of § 1028A must result in a consecutive sentence, however, is not the same as directing the court to impose multiple sentences for the same underlying offense under § 1028(a)(7) and § 1028A. In short, the language does not provide the requisite "clear indication of contrary legislative intent" to impose cumulative punishment.

The government also argues that the express exclusion of § 1028(a)(7) as an underlying offense under § 1028A(c)(4) but not under § 1028A(b)(2) shows intent to impose cumulative punishment.

7

The court disagrees.  In some cases, an underlying offense could meet the standards of § 1028(a)(7) but not § 1028A.  In that case, the statute prevents turning a less-serious § 1028(a)(7) case into a § 1028A case.  This is not such a case, and § 1028A(c)(4) has no relevance.  Here, the underlying offense supports both § 1028(a)(7) and § 1028A.

Moreover, § 1028A(c)(4) demonstrates that Congress knows how to exclude an offense, but the Double Jeopardy question is a question of express inclusion, not exclusion.  Absent specific, clear intent to include punishment for both statutes, the court presumes that Congress did not so intend.  The exclusionary language of § 1028A(c)(4) does not demonstrate the clear intent of Congress that a § 1028A case should also be punished under § 1028(a)(7).  Therefore, the court finds that the plain language of § 1028A does not overcome the presumption against cumulative sentences.

### 2. Legislative History

The legislative history of § 1028A is contrary to an intent impose multiple punishments for the same act of identity theft and aggravated identity theft.  Congress passed the Identity Theft Penalty Enhancement Act in 2004 in response to concern that "currently under 18 U.S.C. § 1028 many identity thieves receive short terms of imprisonment or probation."  H.R. Rep. No. 108-528, at 3 (2004).  Section 1028 already allowed a sentence in addition

to the underlying offense.  Rather than amending § 1028, Congress created an aggravated offense in § 1028A.  In so doing, Congress increased the severity of penalties for more-serious underlying offenses.  See id. ("[The Act] provides enhanced penalties for persons who steal identities to commit terrorist acts, immigration violations, firearms offenses, and other serious crimes.").  The report states that the "2-year penalty enhancement is in addition to any term of imprisonment *for the underlying offense*."  Id. at 10 (emphasis added).  During debate, Representative Coble stated that "the current penalties for identity theft and identity fraud will still be available for prosecution of individuals *in other less serious cases under 18 U.S.C. 1028*."  Id. at 58 (emphasis added).  These statements do not support a finding of a clear intent to authorize cumulative punishments under § 1028(a)(7) and § 1028A.  Therefore, the court proceeds to apply Blockburger.

### 3. **Blockburger Inquiry**

Multiple punishments for convictions under separate statutes do not violate the Double Jeopardy Clause when each statute requires proof of a fact that the other does not.  See United States v. Beltz, 385 F.3d 1158, 1161 (8th Cir. 2004) (citing Blockburger, 284 U.S. at 304).  The Blockburger inquiry "focuses on the statutory elements of the offenses, rather than the evidence presented at trial."  United States v. Gamboa, 439 F.3d 796, 809

9

(8th Cir. 2006) (citation omitted). In addition, the court must examine the specific charges in the indictment. Id. (citing Garrett, 471 U.S. at 786).

The government argues that § 1028(a)(7) and § 1028A each require proof of an element that the other does not. Specifically, the government argues that § 1028(a)(7) requires proof that a defendant obtained value of $1,000 or more, but § 1028A does not. Section 1028(b) states:

> The punishment for an offense under subsection (a) of this section is ... (1) a fine under this title or imprisonment for not more than 15 years, or both, if the offense is ... an offense under paragraph (7) of such subsection that involves the transfer, possession, or use of 1 or more means of identification if, as a result of the offense, any individual committing the offense obtains anything of value aggregating $1,000 or more during any 1-year period ... [or] (2) a fine under this title or imprisonment for not more than 5 years, or both, if the offense is ... an offense under paragraph (3) or (7) of such subsection.

18 U.S.C. § 1028(b)(1)-(2). Obtaining $1,000 or more in value is not, however, a requisite element of § 1028(a)(7), and a person is subject to imprisonment of up to five years under § 1028(a)(7) without the enhancement. The value obtained is a factor that may enhance the penalty for the core offense; it is not a core element of a § 1028(a)(7) violation. Cf. Beltz, 385 F.3d at 1162. As a result, § 1028(a)(7) does not require an element absent from § 1028A. Moreover, the court has already noted that every

violation of § 1028A is also a violation of § 1028(a)(7). Therefore, application of the Blockburger test does not support a finding that Congress intended cumulative punishment for identity theft and aggravated identity theft.

In the present case, the indictment charges Clark with identity theft in Count 12 and aggravated identity theft in Count 15. Bank fraud is the underlying offense for both counts. As a result, these counts charge the same offense behavior. The court has determined that Congress did not indicate a clear intent to authorize multiple punishments for identity theft and aggravated identity theft based on the same underlying offense. Therefore, the Double Jeopardy Clause prohibits the court from sentencing Clark under both Count 12 and Count 15.

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that the renewed motion for judgment of acquittal is denied [ECF No. 92] and the motion to vacate conviction on Count 12 [ECF No. 92] is granted. The court will not impose sentence under 18 U.S.C. § 1028(a)(7).

Dated: May 31, 2011

                                            s/David S. Doty
                                            David S. Doty, Judge
                                            United States District Court